IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LEVI MATHEW LAMB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-00158 |
| | ) | Judge Campbell / Knowles |
| | ) | |
| KENNETH R. GOBLE, individually and in | ) | |
| his official capacity as General Sessions Judge, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

I. Introduction and Background

This matter is before the Court upon a Motion to Dismiss filed by Kenneth R. Goble, Montgomery County General Sessions Judge ("Defendant"). Docket No. 9. Defendant has contemporaneously filed a supporting Memorandum of Law. Docket No. 10.

Plaintiff has filed a Response. Docket No. 11. With leave of Court, Defendant has filed a Reply. Docket No. 14. Without leave of Court, Plaintiff has filed a Sur-Reply. Docket No. 17.

Plaintiff filed this pro se action alleging in full as follows:

> THAT ON OR ABOUT 02-08-2013 this Plaintiff WAS OUT ON $1500.00 Bond when He appear before General Sessions Judge Goble. This Plaintiff waved all charges to the grand jury. Defendant Goble told this plaintiff to have a seat while he got some papers ready. Defendant Judge Goble made the statement something like he was going to have fun now. An than Goble call this plaintiff back up there before him and handed this plaintiff some papers to sign to wave his right to counsel, This plaintiff said no he could not sign those papers because he was not waving his right to counsel. So Defendant Judge Goble REVOKED THIS PLAINTIFF BOND AND PUT HIM IN JAIL WITHOUT BOND

> BECAUSE THIS PLAINTIFF WOULD NOT WAVE HIS RIGHT
> TO COUNSEL..  This plaintiff was in jail without bond for about
> 7 days, until a circuit judge put this plaintiff out of jail on the same
> bond that he was already on under Habeas Corpus.

Docket No. 1 (capitalization, punctuation, and spelling original.)

Plaintiff sues Defendant in his individual and official capacities, seeking compensatory and punitive damages, as well as a trial by jury.  *Id.*

Defendant filed the instant Motion and supporting Memorandum arguing that this action should be dismissed because he is absolutely immune from suit since the actions of which Plaintiff complains were taken during the performance of his official judicial duties as a General Sessions judge.  Docket Nos. 9, 10.  Defendant also argues that he is entitled to sovereign immunity under the Eleventh Amendment for Plaintiff's official capacity claims.  *Id.*  Finally, Defendant argues that, to the extent that he may be considered a county official, Plaintiff has failed to allege the existence of an official county-wide custom or policy that violated his constitutional rights.  *Id.*

In his Response, Plaintiff argues:

> 1.  It is nonsense for the defendant Judge Goble to claim there exist a failure to state a claim where by relief can be granted.
>
> 2.  All of the defendant's claims of immunity is without Merits, or foundation.
>
> 3.  Defendant Judge Goble committed a NON Judicial act of Malpractice by trying to force this plaintiff to sign a waiver of right to counsel, with the threat of punishment (revoke the bond, appoint an attorney, & set it for trial) if it was not signed.  This was done after this plaintiff had waived everything to the grand jury.
>
> 4.  Defendant Judge Goble committed a NON Judicial act of Malpractice by revoking the bond & thereby punishing this

> plaintiff with what turn out to be 13 days in jail, for refusing to sign a waiver of right of counsel.
>
> 5. Defendant Judge Goble committed a NON Judicial act of Malpractice by revoking the bond on his own call, without any just cause, without any move of the parties to do so, JUST TO HAVE FUN, & JUST BECAUSE HE NEEDED TO DO SOMETHING TO GET HIS BLOOD ROLLING.
>
> 6. Defendant Judge Goble acts was non judicial acts, & outside of his jurisdiction after this plaintiff had waived everything to the grand jury, to revoked this plaintiff bond, & subjected this plaintiff to 13 day of false imprisonment.
>
> 7. While defendant Judge Goble put it on paper that he set it for trial on 02-13-2013, He had no jurisdiction to set it for trial, and the trial never happen. Because this plaintiff had waived everything to the grand jury. So this plaintiff was lock up for 13 days, with his bond revoked.
>
> 8. Defendant Judge Goble, Clearly had no subject matter jurisdiction over the bond because this plaintiff had waived all charges to the grand jury. And there had been no motion by the parties for a bond hearing.
>
> 9. It is official misconduct & a non judicial act for defendant Judge Goble not to do his job & put this plaintiff in jail without setting a new bond, to wait for the grand jury to meet in this case. Which turn out to be 13 days in jail, when the circuit judge John H. Gasaway found the detention unlawful, and released this plaintiff on his own bond that was put up on 01-03-2013.

Docket No. 11 (capitalization, punctuation, and spelling original; citations omitted).

Defendant, in his Reply, argues that, although Plaintiff characterizes Defendant's actions as "malpractice," Plaintiff cannot establish a legal malpractice claim because "the paramount requirement in a legal malpractice claim is the existence of an attorney-client relationship," which did not exist between Plaintiff and Defendant. Docket No. 14. Defendant contends that Plaintiff cannot establish *any* of the requisite elements of a legal malpractice claim because there

3

was no attorney-client relationship between them. *Id.* Defendant reiterates his contention that he was acting in his judicial capacity when he "explained Plaintiff's right to an attorney, appointed an attorney to represent Plaintiff, revoked Plaintiff's bond on the charge of vandalism, and at all other times relevant to Plaintiff's allegations." *Id.* Defendant notes that he did, in fact, appoint an attorney to represent Plaintiff, and that Plaintiff's allegations that Defendant asked him to sign a waiver of his right to counsel negates any assertion of an attorney-client relationship. *Id.* With regard to Plaintiff's assertion that Defendant acted outside of his jurisdiction, Defendant reiterates that his actions were "unmistakably judicial in nature." He maintains that if the action in question involves the subject matter of the type of case the judge normally has jurisdiction to hear, then the judge has not acted in the absence of jurisdiction, and the judge remains immune. *Id.* Defendant contends that, as a general sessions court judge, he has original jurisdiction over criminal actions; that Plaintiff appeared before him answering criminal charges; and that, accordingly, he acted within his jurisdiction such that he is entitled to absolute judicial immunity. *Id.*

In his Sur-Reply, Plaintiff reiterates his contention that Defendant acted without jurisdiction because he had "ALREADY waved everything to the grand jury." Docket No. 17 (capitalization and spelling original). Plaintiff also reiterates his argument that Defendant acted in a non-judicial manner because he revoked Plaintiff's bond "JUST TO HAVE FUN, & JUST BECAUSE HE NEEDED TO DO SOMETHING TO GET HIS BLOOD FLOWING." *Id.* (capitalization original).

For the reasons discussed below, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED.

4

## III. Analysis

### A. Fed. R. Civ. P. 12(b)(6) - Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing

5

> more than conclusions. Second, only a complaint that states a
> plausible claim for relief survives a motion to dismiss . . . .
> Determining whether a complaint states a plausible claim for relief
> will, as the Court of Appeals observed, be a context-specific task
> that requires the reviewing court to draw on its judicial experience
> and common sense. . . . But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged - but it has not "show[n]" -
> "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

**B. The Case at Bar**

Taking Plaintiff's allegations as true, Defendant in the case at bar is a Montgomery County General Sessions Judge who revoked Plaintiff's bond, resulting in his being put in jail. These actions are undeniably judicial in nature, and the law is well-settled that judges are judicially immune from suits arising out of the performance of their judicial functions. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000). Moreover, the Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Pierson*, 386 U.S. at 554-55. Additionally, a judge will not be deprived of immunity because the actions he took may be have been in error, were done maliciously, or were in excess of his authority. *Mireless v. Waco*, 502 U.S. 9, 11 (1991); *Pierson*, 386 U.S. at 554. Judicial immunity can be overcome only when the judge engages in non-judicial actions (*i.e.* actions not taken in the judge's judicial capacity) or when the judge takes actions in the complete absence of all jurisdiction. As has been noted, the nature of Defendant's actions (the revocation of Plaintiff's bond and ordering him to be placed in custody pending a hearing) is undeniably judicial. It is also undeniable that Defendant was acting in his official judicial capacity as a Montgomery County General Sessions

Judge when he took those actions.

Regarding Plaintiff's contention that Defendant acted outside the scope of his jurisdiction because Plaintiff had already waived "everything" to the grand jury, it is undeniable that Defendant, as a Montgomery County General Sessions Judge, has jurisdiction to preside over the criminal matters before him. Plaintiff appeared before Defendant, presumably on Defendant's docket and in Defendant's courtroom, on a criminal charge of vandalism. Because Plaintiff appeared before Defendant on a criminal matter, Defendant was within his jurisdiction to revoke Plaintiff's bond and order him to be placed in custody pending a hearing.

With regard to Plaintiff's contention that Defendant's actions constituted malpractice, there is no attorney-client relationship between a judge and the defendant before him. It is not possible for a judge presiding over an action to commit legal malpractice with the defendant before him.

For the foregoing reasons, Defendant is entitled to judicial immunity in his individual capacity.

As to Plaintiff's official capacity claims against Defendant as a Montgomery County General Sessions Judge, Defendant stands in the shoes of the entity that employs him. *See* Tenn. Code Ann. § 16-10-101 ("The judicial power of the state is vested in judges of the . . . circuit courts, criminal courts, common law and chancery courts, chancery courts, court of appeals, and the supreme court, and other courts created by law."); Tenn. Code Ann. § 16-15-105 (establishing the General Sessions courts); Tenn. Const. Art. §§ 4, 7. The state is not a person amenable to suit under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). To the extent that Defendant is a state official, Plaintiff's official capacity claims are

subject to dismissal on Eleventh Amendment sovereign immunity grounds. *Id.* at 66; *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010).

To the extent that Defendant may be considered a Montgomery County official, Plaintiff is nevertheless unable to sustain his official capacity claims against Defendant because he has failed to allege the requisite existence of an official county policy, practice, or custom that caused him injury. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 690-91 (1978). Absent such an allegation, Plaintiff cannot prevail.

## IV. Conclusion

For the reasons discussed above, Plaintiff has failed to state a claim upon which relief can be granted against Defendant. Accordingly, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 9) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                       _____
                                                       E. CLIFTON KNOWLES
                                                       United States Magistrate Judge